UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DOUGLAS M. LAMBERT,

    Plaintiff,

v.

EMERALD PUBLISHING LIMITED, a foreign limited partnership, and EMERALD GROUP PUBLISHING INC., a Delaware corporation,

    Defendants.

---

Civil Action No.:

**COMPLAINT FOR COPYRIGHT INFRINGEMENT and DEMAND FOR TRIAL BY JURY**

Plaintiff, by its undersigned attorneys, alleges:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff alleges eleven (11) causes of action for direct and contributory copyright infringement based on (a) the Defendants' reproduction of copies and/or preparation of derivative works in connection with the distribution and sale of digital copies of eleven (11) separate and distinct articles authored or co-authored by Plaintiff ("Plaintiff's Articles"), and (b) the Defendants' intentional inducement of others to make infringing copies of Plaintiff's Articles in the course of and after downloading the articles from Defendants website.

4.  The eleven articles that comprise Plaintiff's Articles and which are at issue in the causes of action herein alleged are listed on Exhibit A to this Complaint, together with the name of each author, the volume of *The International Journal of Logistics Management* (the "Journal") in which each article was first published, the copyright registration number for each such volume of the Journal, date of first publication of each such volume of the Journal, and the number of times each article has apparently been reproduced and downloaded to others by Defendants.

5.  Plaintiff also alleges a claim for declaratory relief.

## THE PARTIES

6.  Plaintiff, Dr. Douglas M. Lambert, PhD, is an individual residing in or around Sarasota, Florida and is the owner of the copyrights in and to Plaintiff's Articles.

7.  Defendant Emerald Publishing Limited ("EPL"), formerly known as Emerald Group Publishing Limited, is a foreign limited partnership with its principal places of business in the United Kingdom at Floor 5, Northspring, 21-23 Wellington Street, Leeds LS1 4DL, Great Britain. EPL is a global digital publisher of scholarly journals and books as well as other content and is subject to the jurisdiction as the infringements and tortious conduct complained of herein occurred in the United States, including in Massachusetts.

8.  Defendant Emerald Group Publishing Inc. ("EGPI") is a Delaware corporation with its principal places of business in Massachusetts at 20

2

University Road, Suite 500, Cambridge, Massachusetts 02138. EGPI is an affiliate of EPL and is also in the business of marketing and selling scholarly journals and books (collectively, EPL and EGPI will be referred to hereinafter as "Emerald Publishing").

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENTS

9. Plaintiff holds a doctorate in marketing and logistics and is a well published professor of logistics and supply chain management at The Ohio State University Fisher College of Business in Columbus, Ohio. Dr. Lambert also previously taught at the University of North Florida in Jacksonville, Florida.

10. In approximately April 1990, Plaintiff and Martin Christopher, a fellow professor, formed The International Logistics Research Institute, Inc. (the "Institute") in order to create and publish the Journal. While initially formed in Sarasota, Florida, the Institute moved to Ponte Vedra Beach, Florida in 1995 and continued operations there through 2005.

11. In February 2005, the Institute sold the Journal and all related goodwill in and to the Journal to EPL, then known as Emerald Group Publishing Limited, which changed its name to EPL in 2016. A copy of the 2005 Acquisition Agreement through which EPL acquired the Journal is attached as Exhibit B.

12. The Acquisition Agreement was negotiated with the Institute in Florida and formed when the Institute executed the agreement in Jacksonville, Florida. The contract is governed by Florida law.

13. At all times material hereto, on information and belief, EPL and EGPI did, and still do, jointly own, control, manage, operate, and maintain a website under the name "EMERALD INSIGHT" which is accessible through the linked domain names www.emerald.com, www.emeraldgrouppublishing.com, www.emeraldinsight.com, and www.emeraldpublishing.com, which provides for the online sale and downloading of academic related articles into the United States markets.

14. On information and belief, the EMERALD INSIGHT website is hosted within the United States.

15. On information and belief, Emerald Publishing has copied, reproduced, downloaded and distributed individual copies of Plaintiff's Articles onto and from its EMERALD INSIGHT website inside the United States and/or from outside the United States into United States residents, and received payments from United States residents for the Articles.

16. Upon information and belief, based on information on the EMERALD INSIGHT website, at some time between 2008 and 2017, without notice to Plaintiff, Emerald Publishing updated what it refers to as its "backfiles collection" on its website to include and offer for download individual digitized copies of Plaintiff's articles.

17. In or around 2024, Plaintiff learned that Emerald Publishing has reproduced and downloaded over 160,000 individual digital copies of Plaintiff's Articles. This information is from Emerald Publishing's website which now lists

the number of times each article has been downloaded. As of February 8, 2024, the website indicates that Plaintiff's Articles had been downloaded 160,634 times and the current cost to download each article was $44.00.

18. Upon information and belief, EPL and EGPI derive a financial benefit from the sales of the articles on the website and have the authority to prevent the ongoing creation of reproductions and sales of downloads of Plaintiff's Articles.

19. All of Plaintiff's Articles were created and first published during the period of time the Institute managed and operated the Journal in Florida, i.e., between 1992 and 2004, and the Institute registered each of the relevant volumes of the Journals with the United States Copyright Office during that same period.

20. All of the co-authors of the Copyright Articles either created or contributed to Plaintiff's Articles as works for hire for the Institute and/or assigned all rights and interests in and to any of the copyrights in Plaintiff's Articles to the Institute prior to February 2005.

21. When the Journal was transferred in 2005, Plaintiff retained the copyrights in and to the individual articles authored or co-authored by him. As the Acquisition Agreement stated: "Copyright in articles authored or co-authored by either Martin Christopher or Douglas Lambert remains with the respective author and a note to this effect will appear on the published articles in the wording specified by the authors."

22. Emerald Publishing was never authorized to reproduce, distribute or sell through downloads individual copies of Plaintiff's Articles (including any digital copies), nor could Emerald Publishing authorize third parties to engage in such actions.

23. Emerald Publishing was also never authorized to reproduce the historical Journal volumes containing Plaintiff's Articles without including notices indicating on each of Plaintiff's Articles that Plaintiff retained the copyright in the articles. Nor could Emerald Publishing ever authorize third parties to engage in such actions.

24. In undertaking the conduct complained of in this action, Emerald Publishing violated Plaintiff's copyrights.

25. The original articles listed on Exhibit A were created and written by the persons listed as the authors on Exhibit A, and each article constitutes an original literary work and meets all requirements for copyrightability under Title 17 of the United States Code.

26. Plaintiff's Articles were first published on the date stated in Exhibit A, and since the date of original publication, all such articles (if distributed by Plaintiff) have been printed and published in strict conformity with Title 17 of the United States Code.

27. Plaintiff has complied in all respects with Title 17 of the United States Code, is the holder of the copyright in and to each article listed on Exhibit A, and each article is covered by a Certificate of Registration as received from the United

States Register of Copyrights, under the respective registration numbers identified on Exhibit A.

28. All such Certificates of Registration were issued long before Emerald Publishing commenced its infringing activities on each Copyrighted Article.

## COUNTS 1 – 11:  COPYRIGHT INFRINGEMENT

29. Plaintiff reasserts and realleges paragraphs 1 to 28 as if fully set forth herein.

30. Emerald Publishing has directly infringed and is continuing to directly infringe the copyrights in and to each of the Plaintiff's Articles listed on Exhibit A by reproducing, distributing and selling through downloads individual digital copies of the Plaintiff's Articles.

31. Emerald Publishing has also contributorily infringed Plaintiff's copyrights in the Plaintiff's Articles by knowingly aiding, abetting causing, and/or inducing others to make individual unauthorized copies of the Plaintiff's Articles.

32. These infringements are continuing on and through the EMERALD INSIGHT website and possibly otherwise, and Emerald Publishing threatens to continue such infringing activities unless enjoined herein.

33. Additionally, Emerald Publishing has and is continuing to infringe the copyright in and to Plaintiff's Articles by reproducing, distributing and selling the articles on its EMERALD INSIGHT website without proper notice of Plaintiff's copyrights on the digitized copies of the Articles offered for downloading.

34. Emerald Publishing's reproducing, distributing and selling of individual digital copies of Plaintiff's Articles on its EMERALD INSIGHT website and otherwise were unauthorized: neither Emerald Publishing, nor any of Emerald Publishing's affiliates, agents, servants or employees, was licensed by, or otherwise received permission from Plaintiff, or any agent, servant, or employee of Plaintiff, to reproduce, distribute or sell Plaintiff's Articles as Emerald Publishing has done and is continuing to do.

35. In undertaking the reproducing, distributing and selling of individual digital copies of Plaintiff's Articles on and through its EMERALD INSIGHT website, Emerald Publishing knowingly and intentionally violated Plaintiff's rights and actively facilitated and induced others to download and make unauthorized copies of Plaintiff's Articles.

36. The said wrongful acts of Emerald Publishing have caused and are causing injury to Plaintiff and are allowing Emerald Publishing to profit off of Plaintiff's Articles without compensating Plaintiff and have caused the distribution of articles without proper notice of Plaintiff's copyrights.

WHEREFORE, for each of the subject Articles, Plaintiff prays:

I. That Emerald Publishing Limited and Emerald Group Publishing Inc., and all persons acting in concert with or under the direction, control, permission or authority of either of them, be enjoined and restrained permanently from reproducing, distributing or selling Plaintiff's Articles in or from the United States, and from aiding or abetting any such activity, without authorization from Plaintiff;

II. That Plaintiff be awarded his actual damages suffered by him as a result of the infringements as herein alleged, and any profits of Emerald Publishing Limited and Emerald Group Publishing Inc. that are attributable to the infringements as herein alleged;

III. As an alternative to actual damages, with any election of remedies coming post-verdict, that Emerald Publishing Limited and Emerald Group Publishing Inc. be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1) and (2), namely, not more than One Hundred and Fifty Thousand Dollars ($150,000) nor less than Seven Hundred And Fifty Dollars ($750) for each of the eleven (11) causes of action herein alleged;

IV. That Emerald Publishing Limited and Emerald Group Publishing Inc. be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs; and/or

V. For such other and further relief as may be just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: August 1, 2024

Respectfully submitted,

*/s/ John A. Kiernan*
John A. Kiernan; BBO#271020
Kiernan Trebach LLP
40 Court Street, 3rd Floor
Boston, MA 02108
617-426-3900
jkiernan@kiernantrebach.com